DAVIS ET AL. v. PACKER.

1. COURT OF COMMON PLEAS HAS NO JURISDICTION TO RENDER JUDGMENT, WHEN.

The court of common pleas has no jurisdiction to render judgment, without notice to defendants, upon a warrant of attorney to confess judgment upon a note, the note and warrant being executed in Illinois, and authorizing the attorney to appear in "any court of record," and confess judgment without process.

2. WARRANT OF ATTORNEY TOO GENERAL TO BE USED IN OHIO.

The terms of warrant, authorizing, as they appear to do, a confession of judgment, in any court in the world, are too general in their nature, and do not authorize such judgment in the state of Ohio.

ERROR to the Court of Common Pleas of Hamilton county.

SWING, J.

There are two actions in this court between the same parties on error to the judgment of the court of common pleas. In that court the defendant in error brought his actions on two promissory notes. The following is a copy of one of them, the other being similar:

"CHICAGO, ILL., Aug. 12, 1892.

"Sixty days after date, for value received, we promise to pay to the order of John Kloeber, two thousand and fifty dollars, at 172 Lake street, Chicago, with interest of six per cent. per annum after maturity until paid, and to secure the payment of said amount, we hereby authorize irrevocably any attorney of any court of record to appear for us in such court in term-time, or vacation, at any time hereafter, and confess a judgment without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with the costs and $100 attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that our said attorney may do by virtue hereof.

"$2,250.                                     JOSEPH J. DAVIS,
                                        "JOSEPHINE R. DAVIS."

The following was indorsed on said note:

"For value received, I hereby sell and transfer this note to C. P. Packer, before maturity and without recourse on me.

                                        "JOHN V. KLOEBER."

On November 22, 1892, Packer, the transferer of said notes, filed his petitions in the court of common pleas on said notes, and also filed said notes in said court, and on the same day the following judgment was rendered in said cause:

"This day came plaintiff, by his attorney, also appeared in open court, for and on behalf of said defendant, W. A. Hicks, an attorney at law, of this court, and by virtue of the warrant of attorney annexed to the note, attached to the petition in said cause, shown to have been duly executed by said defendants, entered the appearance of said defendants, and waived the issuing and service of process in this action, and confessed a judgment on said note, against said defendants, and in favor of said plaintiff, for $2,250 * * * and waived all exceptions, errors, and right of appeal in the premises." * *

On November 30, the defendants filed a motion to set aside the judgment, no reasons being assigned. At the same time affidavits were filed. These affidavits contained statements to the effect that Josephine R. Davis was the wife of Joseph J. Davis, and that the notes under consideration were given in satisfaction of a transaction in the city of Chicago, and which transaction, it was alleged, was a gambling transaction; and Mrs. Davis further stated that she was induced by said Kloeber to sign said notes under the promise of said Kloeber that they were merely accommodation notes, and that he would hold them in his own possesion; and further, that she did not know that she was signing any power of attorney by which a judgment could be entered against her. The motions to set aside the judgment were overruled on December 3, 1892. At the same time the plaintiff offered to remit one and thirteen one-hundredths dollars, which remittitur was entered, it having appeared that the judgment was originally rendered for that much more than was due. To the overruling of this motion defendants excepted.

On January 4, 1893, being at a subsequent term, plaintiffs in error filed a motion to set aside said judgment, and alleging as a ground that there was irregularity in obtaining the same.

This motion was afterwards overruled, and a bill of exceptions was taken containing the note, pleadings, affidavits and certain statutes and decisions of the state of Illinois.

It seems to us that the only thing brought before us upon this record is, whether or not the court of common pleas had jurisdiction on those notes. The well settled principle of law applicable to such instruments is, that "all authorities of this sort must be strictly pursued." 8 Durn. and East, 257. In the 46 O. S., 441, after reviewing a large number of cases decided by our Supreme Court, the court say: "The decisions have all been based upon a strict interpretation of the power granted without aiding any omission or defect in its terms by liberal intendment or construction."

The first question that suggests itself to our minds is, whether the notes having been executed in Chicago, Illinois, and made payable in Illinois, it authorized the taking of a judgment in Ohio.

Davis et al. v. Packer.

It will be observed that this power has no limit as to where judgment might be taken. It might be in any court of record either in term-time or in vacation.

If the phrase, "any court of record," means any court of record outside of the state of Illinois, it would include any court of record on the face of the globe. It might be in Ohio or any state of the United States, or it might just as well be in Russia, India, Mexico or Chili.

For the different states of the United States, as far as their local laws are concerned, are all as foreign to each other as foreign states.

In *Corlin* v. *Taylor*, 7 Lea., 666, which was a case where the power of attorney was in the following words: "I hereby empower any attorney of record within the United States, or elsewhere, to appear," etc., the Supreme Court of Tennessee held the power void for uncertainty, saying at p. 668: "It is void for its comprehensive uncertainty."

Nothing could be more comprehensive in its terms than the one under consideration.

It is , "any attorney of any court of record."

It seems to us as bordering on the absurd to suppose that the parties to these instruments intended that judgments might be rendered on them in any court of the United States, or any court in the world. The note is made payable at a particular place in the city of Chicago, in the state of Illinois. It would seem strange that, after providing particularly as to place of payment, they had provided that judgment might be taken in any court of the world.

Mr. Freeman, in his work on judgments, says, at sec. 545: "While a warrant of attorney may doubtless be so drawn as to authorize a confession in another state, yet the intention to give authority to act beyond the state, is not presumed, and though some of the words used are sufficiently comprehensive to justify the attorney in acting in any state or country, yet if there are words which appear to limit the authority to the state in which the warrant was executed, they will prevail."

The general propositions stated here, we think, should be the law, although the cases cited by the author do not, as we think, fully bear him out. He cites 3 Dunn, 257, which case warrants the doctrine laid down in 5 Hill, 497, which case affirms 3 Hill, 461. In the case in 5 Hill, which was on a warrant of attorney, which was in these terms: "To I. D. Smith, attorney of the court of common pleas at Philadelphia, in the state of Pennsylvania, or to any other attorney of the said court, or of any other court, there or elsewhere, or to any prothonotary of any of the said courts," the court say: "The authority to confess a judgment without process must be clear and explicit, and must be strictly pursued. If the parties to this warrant of attorney intended to authorize a judgment in any other state than Pennsylvania, which is very questionable, I think they did not intend that a judgment should be entered in this state."

Speaking of the claim in the warrant which refers to "prothonotary," the court say: "This shows that the parties were speaking of such courts as had an officer called a 'prothonotary,' and such courts only. The Pennsylvania courts have an officer of that name, but we have not. * * * We think the warrant does not authorize the confession of a judgment in this state." Grounds of like nature could well be urged to his warrant of attorney, why it was not intended that judgment might be rendered on it in Ohio. It provides that judgment may be rendered "in term-time, or vacation." While such action might be had in Illinois, it could not be done in Ohio. We have no provision for taking judgments in vacations. Again, it provides that a judgment may be rendered for $100 attorney's fees. Our courts have refused to enforce such contracts. And again, we have courts of record in our state, which would have no jurisdiction to render judgment on said warrants. It might well be held, therefore, that it was contemplated by the parties that no judgment was to be confessed in the state of Ohio on said instruments.

If we are correct in our judgment, the court of common pleas had no jurisdiction to render judgments on these powers of attorney, and the judgment of said court will therefore be reversed and causes remanded to said court for further proceedings.

*Wright & Wright*, for plaintiffs in error.

*W. A. Hicks*, for defendant in error.